I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL *Plaintiff*
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: _____4.4.13_____

_____
DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. PEYTON, | ) Case No. EDCV 13-0424-RGK (JPR) |
|            Plaintiff, | ) |
|         vs. | ) ORDER DISMISSING PLAINTIFF'S |
| | ) COMPLAINT WITH LEAVE TO AMEND |
| EDMUND G. BROWN, JR. et al., | ) |
|            Defendants. | ) |

Plaintiff filed pro se a civil rights action on March 13, 2013, and was granted leave to proceed in forma pauperis. Plaintiff alleges an Eighth Amendment violation based on California prison overcrowding committed by the following Defendants, each of whom is sued in his individual and official capacity: (1) Edmund G. "Jerry" Brown, Jr., Governor of California, (2) Jeffrey Beard, Director of the California Department of Corrections and Rehabilitation, and (3) Bernard J. Schwartz, Petitioner's sentencing judge. Plaintiff seeks $100 million in punitive damages as well as injunctive relief, including his "immediat[e]" release from prison and expungement

1

1  of his criminal record.

2       After screening the Complaint under 28 U.S.C. §§ 1915(e)(2)

3  and 1915A prior to ordering service, the Court finds that it

4  fails to state civil rights violations upon which relief might be

5  granted.   Because it appears that at least some of the

6  deficiencies of the Complaint are capable of being cured by

7  amendment, it is dismissed with leave to amend.   See Lopez v.

8  Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)  (holding

9  that pro se litigant must be given leave to amend complaint

10 unless absolutely clear deficiencies cannot be cured by

11 amendment).   If Plaintiff desires to pursue this action, he is

12 ORDERED to file within 28 days of the service date of this Order

13 a First Amended Complaint ("FAC") remedying the deficiencies

14 discussed below.

                          **STANDARD OF REVIEW**

16      The Court's screening of a complaint under 28 U.S.C.

17 §§ 1915(e)(2) and 1915A is governed by the following standards.

18 A complaint may be dismissed as a matter of law for failure to

19 state a claim "where there is no cognizable legal theory or an

20 absence of sufficient facts alleged to support a cognizable legal

21 theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d

22 1035, 1041 (9th Cir. 2010); O'Neal v. Price, 531 F.3d 1146, 1151

23 (9th Cir. 2008).   In considering whether a complaint states a

24 claim, a court must accept as true all the factual allegations in

25 it.   Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949,

26 173 L. Ed. 2d 868 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93

27 (9th Cir. 2011).   The court need not accept as true, however,

28 "allegations that are merely conclusory, unwarranted deductions

1  of fact, or unreasonable inferences." <u>In re Gilead Scis. Sec.</u>

2  <u>Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008); <u>see also</u> <u>Shelton v.</u>

3  <u>Chorley</u>, 487 F. App'x 388, 389 (9th Cir. 2012).   Although a

4  complaint need not include detailed factual allegations, it "must

5  contain sufficient factual matter, accepted as true, to 'state a

6  claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S.

7  at 678 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570,

8  127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).   A claim is

9  facially plausible when it "allows the court to draw the

10  reasonable inference that the defendant is liable for the

11  misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.   "A document filed

12  <u>pro se</u> is to be liberally construed, and a <u>pro se</u> complaint,

13  however inartfully pleaded, must be held to less stringent

14  standards than formal pleadings drafted by lawyers." <u>Erickson v.</u>

15  <u>Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d

16  1081 (2007) (internal quotation marks and citations omitted).

17                              **DISCUSSION**

18       Plaintiff argues that under <u>Brown v. Plata</u>, 563 U.S. ___,

19  131 S. Ct. 1910, 179 L. Ed. 2d 969 (2011), Defendants Brown and

20  Beard have violated his Eighth Amendment rights by failing or

21  refusing to "reduce the state prison population" even though they

22  had full knowledge of the severe overcrowding in all 33 state

23  prisons (Compl. at 5(E)-5(G)); Defendant Schwartz allegedly

24  violated his rights by sentencing him in spite of the ongoing

25  issue of prison overcrowding (<u>id.</u> at 5(H)-5(I)).[1]   As a result,

26  _____

27       [1]   The first five pages of "Attachment One" of the
Complaint, which painstakingly detail the procedural history and
28  holding of <u>Plata</u> (<u>see</u> Compl. at 5(A)-5(E)), appear to be a verbatim

1  Plaintiff claims, his sentence was "illegal." (<u>See, e.g.</u>, <u>id.</u> at

2  5(E)–5(F).)

3  I.  **<u>Plaintiff fails to state an Eighth Amendment claim</u>**

4       Two requirements must be met to establish an Eighth

5  Amendment violation based on jail conditions: (1) the deprivation

6  alleged must have objectively been "sufficiently serious" in that

7  an official's act or omission resulted in the denial of "the

8  minimal civilized measure of life's necessities," and (2) the

9  prison official must have had a "sufficiently culpable state of

10  mind," namely, "deliberate indifference" to the inmate's health

11  or safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S. Ct.

12  1970, 1977, 128 L. Ed. 2d 811 (1994) (citations and internal

13  quotation marks omitted); <u>see also</u> <u>Wilson v. Seiter</u>, 501 U.S.

14  294, 298-99, 111 S. Ct. 2321, 2323-24, 115 L. Ed. 2d 271 (1991).

15  "Deliberate indifference" is established only when an official

16  "knows that inmates face a substantial risk of serious harm and

17  disregards that risk by failing to take reasonable measures to

18  abate it."  <u>Farmer</u>, 511 U.S. at 847.

19       Allegations of prison overcrowding alone are insufficient to

20  state a claim under the Eighth Amendment.  <u>See</u> <u>Balla v. Idaho</u>

21  <u>State Bd. of Corr.</u>, 869 F.2d 461, 471 (9th Cir. 1989); <u>see also</u>

22  <u>Rhodes v. Chapman</u>, 452 U.S. 337, 348-49, 101 S. Ct. 2392, 2400,

23  69 L. Ed. 2d 59 (1981) (double-celling of inmates by itself does

24  not inflict unnecessary or wanton pain or constitute grossly

25  disproportionate punishment in violation of Eighth Amendment).

26

27  ───────────────

28  recitation of the entry for that case from the internet website
Wikipedia.  <u>See</u> http://www.en.wikipedia.org/wiki/Brown v. Plata.

An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation.  See Balla, 869 F.2d at 471; Hoptowit v. Ray, 682 F.2d 1237, 1248-49 (9th Cir. 1982) (noting that overcrowding itself not Eighth Amendment violation but can lead to specific effects that might violate Constitution), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

In Plata, the Supreme Court affirmed a three-judge district court's order directing California to remedy ongoing systemic Eighth Amendment violations (in terms of inadequate medical care to prisoners) primarily caused by prison overcrowding by reducing inmate population in California's 33 prisons to 137.5 percent of total capacity.  131 S. Ct. at 1922-23.  Plata observed that even though the three-judge court set a specific target – reaching 137.5 percent in two years (requiring a reduction of approximately "38,000 to 46,000" inmates) – it "le[ft] the choice of means to reduce overcrowding to the discretion of state officials."  Id. at 1928.  Indeed, "the reduction need not be accomplished in an indiscriminate manner or in these substantial numbers if satisfactory, alternate remedies or means for compliance are devised," id. at 1923; moreover, not all 33 prisons need comply with the 137.5 percent limit, in that "some facilities may retain populations in excess of the limit" if no related constitutional violation results, id. at 1940-41.  Finally, the Supreme Court made clear that the state is "free to

1    move the three-judge court for modification of its order" because

2    "time and experience may reveal targeted and effective remedies

3    that will end the constitutional violations even without a

4    significant decrease in the general prison population." Id. at

5    1941.

6        Plaintiff has failed to state an Eighth Amendment claim

7    because his allegation that the ongoing Plata litigation entitles

8    him to, among other things, punitive damages and release from

9    prison is wholly conclusory and has no legal basis.[2] Plata's

10   remedial decree to reduce prison populations does not create a

11   substantive right for purposes of a civil rights action. See

12   Hooker v. Kimura-Yip, No. 2:11-cv-0899 LKK CKD P, 2012 WL

13   4056914, at *3 (E.D. Cal. Sept. 14, 2012) (finding that remedial

14   orders in Plata did not provide "independent cause of action"

15   under § 1983 because they did not "have the effect of creating or

16   expanding plaintiff's constitutional rights"); Yocom v. Grounds,

17   No. C 11-5741 SBA (PR), 2012 WL 2254221, at *6 (N.D. Cal. June

18   14, 2012) (same). Moreover, even though the Supreme Court

19   affirmed the remedial order setting the benchmark at 137.5

20   percent, it emphasized that state officials have discretion in

21   the "means" of complying with that order and are free to seek its

22   modification. See Plata, 131 S. Ct. at 1928, 1941. Indeed, as

23

_____

24        [2]   Moreover, a state official cannot be sued in his official

25   capacity for money damages. See Leer v. Murphy, 844 F.2d 628, 631-
     32 (9th Cir. 1988) (holding that Eleventh Amendment bars official-

26   capacity actions for damages); see also Will v. Mich. Dep't of
     State Police, 491 U.S. 58, 64-66, 71, 109 S. Ct. 2304, 2308-10,

27   2312, 105 L. Ed. 2d 45 (1989) (holding that official-capacity suit
     against state officials same as suing state itself, which is barred

28   by Eleventh Amendment).

of the filing of this Order, litigation is still pending in the three-judge court as to the timing and implementation of the remedial order.  See, e.g., Coleman v. Brown, Nos. 2:90-cv-0520 LKK JFM P, C01-1351 TEH, 2012 WL 3930635, at *1 (E.D. Cal. Sept. 7, 2012) (ordering State to comply with June 27, 2013 deadline to achieve 137.5 percent benchmark but noting court's willingness to extend deadline to as late as December 31, 2013).  Thus, Plata by itself does not provide any substantive right on which Plaintiff can rely.  In any event, Plata does not stand for the proposition that federal district courts can order state officials to release specific prisoners.  See Nagast v. Dep't of Corr., No. ED CV 09-1044-CJC (PJW), 2012 WL 1458241, at *3 (C.D. Cal. Feb. 28) (dismissing with prejudice claim seeking to compel court to release plaintiff based on Plata because only three-judge court has statutory authority to make such decisions) (citing Plata, 131 S. Ct. at 1922), accepted by 2012 WL 1463317 (C.D. Cal. Apr. 26, 2012).

Because Plaintiff solely contends that overcrowding in the entire California prison system, as opposed to his particular place of confinement, entitles him to relief, he has failed to allege any specific harm or injury.  In fact, he has not alleged that Corcoran State Prison, his current place of incarceration, is even overcrowded, much less described its extent or impact on him.  His general allegations therefore are insufficient to state a claim.  See Twombly, 550 U.S. at 556-57 (explaining that factual allegations must be sufficiently specific to rise "above the speculative level"); Rouse v. Brown, No. C 13-1020 PJH (PR), 2013 WL 1222713, at *1-2 (N.D. Cal. Mar. 22, 2013) (dismissing

without leave to amend civil rights complaint under <u>Plata</u> based
on general prison overcrowding).[3]   Even if he did claim
overcrowding at Corcoran, Plaintiff would have to also allege
constitutional deprivations caused by the overcrowding in order
to state an Eighth Amendment claim.   <u>See</u> <u>Balla</u>, 869 F.2d at 471;
<u>Agramonte v. Shartle</u>, 491 F. App'x 557, 558, 560 (6th Cir. 2012)
(affirming district court's dismissal for failure to state claim
of plaintiffs' complaint based on prison officials' decision to
place three inmates in cells designed for two because plaintiffs
failed to allege that overcrowding resulted in unconstitutional
denial of basic needs such as "food, shelter, or sanitation").

Accordingly, Plaintiff has failed to state an Eighth
Amendment claim.[4]

-----

[3]    Notably, the complaint in <u>Rouse</u> appears to be virtually
identical to Plaintiff's complaint.   (<u>See</u> CM/ECF for U.S. Dist.
Court for N. Dist. of Cal., Case No. C 13-1020 PJH (PR), doc. 1
(suing Brown, Beard, and sentencing judge for general overcrowding
in state prisons based on <u>Plata</u> and seeking $105 million,
expungement of criminal record, and immediate release from
prison).)

[4]    Although Defendants have the burden of raising and
proving failure to exhaust administrative remedies as an
affirmative defense, <u>Wyatt v. Terhune</u>, 315 F.3d 1117, 1119 (9th
Cir. 2003), the Court reminds Plaintiff that contrary to his
contention that his Eighth Amendment claim is not subject to
exhaustion because it "involve[s] court issues only," he may be
unable to proceed absent proper exhaustion, <u>see Porter v. Nussle</u>,
534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002)
("[T]he PLRA's exhaustion requirement applies to all inmate suits
about prison life, whether they involve general circumstances or
particular episodes, and whether they allege excessive force or
some other wrong."); <u>see also Jones v. Bock</u>, 549 U.S. 199, 211, 127
S. Ct. 910, 918-19, 166 L. Ed. 2d 798 (2007) ("There is no question
that exhaustion is mandatory under the PLRA and that unexhausted
claims cannot be brought in court.").

## II.   <u>Defendant Schwartz is absolutely immune from a damages suit</u>

Plaintiff sues Defendant Schwartz for sentencing him despite knowing that state prisons were overcrowded.  Because Defendant Schwartz is sued for actions he took in a judicial proceeding – sentencing Plaintiff – he is absolutely immune from suit for money damages.  <u>See</u> <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts."); <u>Mireles v. Waco</u>, 502 U.S. 9, 9, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); <u>see also</u> <u>Miller v. Barilla</u>, 549 F.2d 648, 648-49 (9th Cir. 1977) (affirming district court's dismissal of § 1983 damages suit based on absolute immunity for trial judge, who allegedly sentenced plaintiff in breach of plea bargain), <u>overruled on other grounds by</u> <u>Glover v. Tower</u>, 700 F.2d 556, 559 (9th Cir. 1983).

*******************

Although it appears unlikely that Plaintiff will be able to state a claim, the Court gives him one more opportunity to attempt to do so.  If Plaintiff desires to pursue his claims in the Complaint, he is ORDERED to file a First Amended Complaint within 28 days of the service date of this Order, remedying the deficiencies discussed above.  The FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document.  **Plaintiff is admonished that if he fails to timely**

1  file a FAC, the Court will recommend that this action be

2  dismissed with prejudice on the grounds set forth above and for

3  failure to diligently prosecute.

4

5

6  DATED: April 4, 2013

7  JEAN ROSENBLUTH
   U.S. MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28