I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY ~~Plaintiff~~
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: _____4.4.13_____

_____
DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RAYMOND E. PEYTON,                    ) Case No. EDCV 13-0424-RGK (JPR)
                                      )
                    Plaintiff,        )
                                      )
          vs.                         ) ORDER DISMISSING PLAINTIFF'S
                                      ) COMPLAINT WITH LEAVE TO AMEND
                                      )
EDMUND G. BROWN, JR. et               )
al.,                                  )
                                      )
                    Defendants.       )
_____)

     Plaintiff filed pro se a civil rights action on March 13,
2013, and was granted leave to proceed in forma pauperis.
Plaintiff alleges an Eighth Amendment violation based on
California prison overcrowding committed by the following
Defendants, each of whom is sued in his individual and official
capacity: (1) Edmund G. "Jerry" Brown, Jr., Governor of
California, (2) Jeffrey Beard, Director of the California
Department of Corrections and Rehabilitation, and (3) Bernard J.
Schwartz, Petitioner's sentencing judge.  Plaintiff seeks $100
million in punitive damages as well as injunctive relief,
including his "immediat[e]" release from prison and expungement

of his criminal record.

After screening the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A prior to ordering service, the Court finds that it fails to state civil rights violations upon which relief might be granted. Because it appears that at least some of the deficiencies of the Complaint are capable of being cured by amendment, it is dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless absolutely clear deficiencies cannot be cured by amendment). If Plaintiff desires to pursue this action, he is ORDERED to file within 28 days of the service date of this Order a First Amended Complaint ("FAC") remedying the deficiencies discussed below.

## STANDARD OF REVIEW

The Court's screening of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010); O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008). In considering whether a complaint states a claim, a court must accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions

1  of fact, or unreasonable inferences." In re Gilead Scis. Sec.
2  Litig., 536 F.3d 1049, 1055 (9th Cir. 2008); see also Shelton v.
3  Chorley, 487 F. App'x 388, 389 (9th Cir. 2012).  Although a
4  complaint need not include detailed factual allegations, it "must
5  contain sufficient factual matter, accepted as true, to 'state a
6  claim to relief that is plausible on its face.'" Iqbal, 556 U.S.
7  at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570,
8  127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  A claim is
9  facially plausible when it "allows the court to draw the
10  reasonable inference that the defendant is liable for the
11  misconduct alleged." Iqbal, 556 U.S. at 678.  "A document filed
12  pro se is to be liberally construed, and a pro se complaint,
13  however inartfully pleaded, must be held to less stringent
14  standards than formal pleadings drafted by lawyers." Erickson v.
15  Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d
16  1081 (2007) (internal quotation marks and citations omitted).

### DISCUSSION

18  Plaintiff argues that under Brown v. Plata, 563 U.S. ___,
19  131 S. Ct. 1910, 179 L. Ed. 2d 969 (2011), Defendants Brown and
20  Beard have violated his Eighth Amendment rights by failing or
21  refusing to "reduce the state prison population" even though they
22  had full knowledge of the severe overcrowding in all 33 state
23  prisons (Compl. at 5(E)-5(G)); Defendant Schwartz allegedly
24  violated his rights by sentencing him in spite of the ongoing
25  issue of prison overcrowding (id. at 5(H)-5(I)).[1]  As a result,

26  _____

27  [1]   The first five pages of "Attachment One" of the
Complaint, which painstakingly detail the procedural history and
28  holding of Plata (see Compl. at 5(A)-5(E)), appear to be a verbatim

1  Plaintiff claims, his sentence was "illegal." (See, e.g., id. at
2  5(E)-5(F).)

3  I.    **Plaintiff fails to state an Eighth Amendment claim**

4        Two requirements must be met to establish an Eighth
5  Amendment violation based on jail conditions: (1) the deprivation
6  alleged must have objectively been "sufficiently serious" in that
7  an official's act or omission resulted in the denial of "the
8  minimal civilized measure of life's necessities," and (2) the
9  prison official must have had a "sufficiently culpable state of
10 mind," namely, "deliberate indifference" to the inmate's health
11 or safety. Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct.
12 1970, 1977, 128 L. Ed. 2d 811 (1994) (citations and internal
13 quotation marks omitted); see also Wilson v. Seiter, 501 U.S.
14 294, 298-99, 111 S. Ct. 2321, 2323-24, 115 L. Ed. 2d 271 (1991).
15 "Deliberate indifference" is established only when an official
16 "knows that inmates face a substantial risk of serious harm and
17 disregards that risk by failing to take reasonable measures to
18 abate it." Farmer, 511 U.S. at 847.

19       Allegations of prison overcrowding alone are insufficient to
20 state a claim under the Eighth Amendment. See Balla v. Idaho
21 State Bd. of Corr., 869 F.2d 461, 471 (9th Cir. 1989); see also
22 Rhodes v. Chapman, 452 U.S. 337, 348-49, 101 S. Ct. 2392, 2400,
23 69 L. Ed. 2d 59 (1981) (double-celling of inmates by itself does
24 not inflict unnecessary or wanton pain or constitute grossly
25 disproportionate punishment in violation of Eighth Amendment).

26
27 _____
28 recitation of the entry for that case from the internet website
   Wikipedia. See http://www.en.wikipedia.org/wiki/Brown v. Plata.

An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. See Balla, 869 F.2d at 471; Hoptowit v. Ray, 682 F.2d 1237, 1248-49 (9th Cir. 1982) (noting that overcrowding itself not Eighth Amendment violation but can lead to specific effects that might violate Constitution), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

In Plata, the Supreme Court affirmed a three-judge district court's order directing California to remedy ongoing systemic Eighth Amendment violations (in terms of inadequate medical care to prisoners) primarily caused by prison overcrowding by reducing inmate population in California's 33 prisons to 137.5 percent of total capacity. 131 S. Ct. at 1922-23. Plata observed that even though the three-judge court set a specific target – reaching 137.5 percent in two years (requiring a reduction of approximately "38,000 to 46,000" inmates) – it "le[ft] the choice of means to reduce overcrowding to the discretion of state officials." Id. at 1928. Indeed, "the reduction need not be accomplished in an indiscriminate manner or in these substantial numbers if satisfactory, alternate remedies or means for compliance are devised," id. at 1923; moreover, not all 33 prisons need comply with the 137.5 percent limit, in that "some facilities may retain populations in excess of the limit" if no related constitutional violation results, id. at 1940-41. Finally, the Supreme Court made clear that the state is "free to

5

1  move the three-judge court for modification of its order" because

2  "time and experience may reveal targeted and effective remedies

3  that will end the constitutional violations even without a

4  significant decrease in the general prison population." Id. at

5  1941.

6      Plaintiff has failed to state an Eighth Amendment claim

7  because his allegation that the ongoing Plata litigation entitles

8  him to, among other things, punitive damages and release from

9  prison is wholly conclusory and has no legal basis.[2] Plata's

10  remedial decree to reduce prison populations does not create a

11  substantive right for purposes of a civil rights action. See

12  Hooker v. Kimura-Yip, No. 2:11-cv-0899 LKK CKD P, 2012 WL

13  4056914, at *3 (E.D. Cal. Sept. 14, 2012) (finding that remedial

14  orders in Plata did not provide "independent cause of action"

15  under § 1983 because they did not "have the effect of creating or

16  expanding plaintiff's constitutional rights"); Yocom v. Grounds,

17  No. C 11-5741 SBA (PR), 2012 WL 2254221, at *6 (N.D. Cal. June

18  14, 2012) (same).  Moreover, even though the Supreme Court

19  affirmed the remedial order setting the benchmark at 137.5

20  percent, it emphasized that state officials have discretion in

21  the "means" of complying with that order and are free to seek its

22  modification.  See Plata, 131 S. Ct. at 1928, 1941.  Indeed, as

23

_____

24    [2]    Moreover, a state official cannot be sued in his official
25  capacity for money damages.  See Leer v. Murphy, 844 F.2d 628, 631-
    32 (9th Cir. 1988) (holding that Eleventh Amendment bars official-
26  capacity actions for damages); see also Will v. Mich. Dep't of
    State Police, 491 U.S. 58, 64-66, 71, 109 S. Ct. 2304, 2308-10,
27  2312, 105 L. Ed. 2d 45 (1989) (holding that official-capacity suit
    against state officials same as suing state itself, which is barred
28  by Eleventh Amendment).

6

1   of the filing of this Order, litigation is still pending in the
2   three-judge court as to the timing and implementation of the
3   remedial order.  See, e.g., Coleman v. Brown, Nos. 2:90-cv-0520
4   LKK JFM P, C01-1351 TEH, 2012 WL 3930635, at *1 (E.D. Cal. Sept.
5   7, 2012) (ordering State to comply with June 27, 2013 deadline to
6   achieve 137.5 percent benchmark but noting court's willingness to
7   extend deadline to as late as December 31, 2013).  Thus, Plata by
8   itself does not provide any substantive right on which Plaintiff
9   can rely.  In any event, Plata does not stand for the proposition
10   that federal district courts can order state officials to release
11   specific prisoners.  See Nagast v. Dep't of Corr., No. ED CV 09-
12   1044-CJC (PJW), 2012 WL 1458241, at *3 (C.D. Cal. Feb. 28)
13   (dismissing with prejudice claim seeking to compel court to
14   release plaintiff based on Plata because only three-judge court
15   has statutory authority to make such decisions) (citing Plata,
16   131 S. Ct. at 1922), accepted by 2012 WL 1463317 (C.D. Cal. Apr.
17   26, 2012).

18        Because Plaintiff solely contends that overcrowding in the
19   entire California prison system, as opposed to his particular
20   place of confinement, entitles him to relief, he has failed to
21   allege any specific harm or injury.  In fact, he has not alleged
22   that Corcoran State Prison, his current place of incarceration,
23   is even overcrowded, much less described its extent or impact on
24   him.  His general allegations therefore are insufficient to state
25   a claim.  See Twombly, 550 U.S. at 556-57 (explaining that
26   factual allegations must be sufficiently specific to rise "above
27   the speculative level"); Rouse v. Brown, No. C 13-1020 PJH (PR),
28   2013 WL 1222713, at *1-2 (N.D. Cal. Mar. 22, 2013) (dismissing

1  without leave to amend civil rights complaint under <u>Plata</u> based

2  on general prison overcrowding).[3]  Even if he did claim

3  overcrowding at Corcoran, Plaintiff would have to also allege

4  constitutional deprivations caused by the overcrowding in order

5  to state an Eighth Amendment claim.  <u>See</u> <u>Balla</u>, 869 F.2d at 471;

6  <u>Agramonte v. Shartle</u>, 491 F. App'x 557, 558, 560 (6th Cir. 2012)

7  (affirming district court's dismissal for failure to state claim

8  of plaintiffs' complaint based on prison officials' decision to

9  place three inmates in cells designed for two because plaintiffs

10 failed to allege that overcrowding resulted in unconstitutional

11 denial of basic needs such as "food, shelter, or sanitation").

12     Accordingly, Plaintiff has failed to state an Eighth

13 Amendment claim.[4]

14

15 _____

16     [3]  Notably, the complaint in <u>Rouse</u> appears to be virtually
   identical to Plaintiff's complaint.  (<u>See</u> CM/ECF for U.S. Dist.

17 Court for N. Dist. of Cal., Case No. C 13-1020 PJH (PR), doc. 1
   (suing Brown, Beard, and sentencing judge for general overcrowding

18 in state prisons based on <u>Plata</u> and seeking $105 million,
   expungement of criminal record, and immediate release from

19 prison).)

20     [4]  Although Defendants have the burden of raising and
   proving failure to exhaust administrative remedies as an

21 affirmative defense, <u>Wyatt v. Terhune</u>, 315 F.3d 1117, 1119 (9th

22 Cir. 2003), the Court reminds Plaintiff that contrary to his
   contention that his Eighth Amendment claim is not subject to

23 exhaustion because it "involve[s] court issues only," he may be
   unable to proceed absent proper exhaustion, <u>see</u> <u>Porter v. Nussle</u>,

24 534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002)

25 ("[T]he PLRA's exhaustion requirement applies to all inmate suits
   about prison life, whether they involve general circumstances or

26 particular episodes, and whether they allege excessive force or
   some other wrong."); <u>see also</u> <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127

27 S. Ct. 910, 918-19, 166 L. Ed. 2d 798 (2007) ("There is no question
   that exhaustion is mandatory under the PLRA and that unexhausted

28 claims cannot be brought in court.").

## II.  **Defendant Schwartz is absolutely immune from a damages suit**

Plaintiff sues Defendant Schwartz for sentencing him despite knowing that state prisons were overcrowded.  Because Defendant Schwartz is sued for actions he took in a judicial proceeding – sentencing Plaintiff – he is absolutely immune from suit for money damages.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts."); Mireles v. Waco, 502 U.S. 9, 9, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991) (per curiam) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); see also Miller v. Barilla, 549 F.2d 648, 648-49 (9th Cir. 1977) (affirming district court's dismissal of § 1983 damages suit based on absolute immunity for trial judge, who allegedly sentenced plaintiff in breach of plea bargain), overruled on other grounds by Glover v. Tower, 700 F.2d 556, 559 (9th Cir. 1983).

*******************

Although it appears unlikely that Plaintiff will be able to state a claim, the Court gives him one more opportunity to attempt to do so.  If Plaintiff desires to pursue his claims in the Complaint, he is ORDERED to file a First Amended Complaint within 28 days of the service date of this Order, remedying the deficiencies discussed above.  The FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document.  **Plaintiff is admonished that if he fails to timely**

9

1   file a FAC, the Court will recommend that this action be
2   dismissed with prejudice on the grounds set forth above and for
3   failure to diligently prosecute.
4
5
6   DATED: April 4, 2013
7                                   JEAN ROSENBLUTH
                                    U.S. MAGISTRATE JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28