UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RAYMOND E. PEYTON, | ) Case No. EDCV 13-0424-RGK (JPR) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND |
|  | ) RECOMMENDATIONS OF U.S. |
|  | ) MAGISTRATE JUDGE |
| DAVE DAVEY et al., | ) |
| Defendants. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the Fourth Amended Complaint, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that Plaintiff's lawsuit be dismissed with prejudice because he refuses to follow the Court's instructions for amending his complaint and has not stated a claim. On January 3, 2017, Plaintiff filed objections to the R. & R.

If anything, Plaintiff's objections confirm that dismissal of his lawsuit with prejudice and without further leave to amend is the appropriate result here. To the Magistrate Judge's observation that he "persists in stating claims that both this Court and the Ninth Circuit have told him are untenable" (R. & R. at 1), Plaintiff responds that "both courts are in error and are

1

misapplying federal law" (Objs. at 1; see also id. at 2-6, 8-10 (purporting to explain how both courts are "in error," essentially repeating arguments he has made many times), 5 (asking, "When will this court and the appellate court uphold the law?"), & 7 ("When will the lower courts do your sworn duty and uphold federal law???")).

Plaintiff also complains about the Magistrate Judge's observation that despite the Ninth Circuit's directive that he must state claims based on his own personal suffering, the Fourth Amended Complaint contains no such allegations. (See id. at 7.) He argues that the Magistrate Judge is "disingenuous" because in an earlier complaint, the Third Amended, "plaintiff supplied 4-pages of incidents that occurred at various facilities despite the fact that U.S. Supreme Court law negates the necessity of his so doing." (Id.) But the Court properly dismissed those allegations with leave to amend on November 4, 2016, because Plaintiff failed to allege at which of the many prisons and detention centers at which he has been housed those alleged deprivations took place, or when. (See Nov. 4, 2016 Order at 13.) Plaintiff now contends that "[l]ocation of the incidents is superfluous since the entire system has been deemed violative of the 8th Amendment." (Objs. at 7.) But of course without allegations concerning when and where the alleged constitutional deprivations took place, no Defendant could know which claims were directed at it. See Fed. R. Civ. P. 8(b) (stating that in answering complaint, defendant must state defenses "to each claim asserted against it"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (claim must be sufficiently detailed to allow court to

draw inference that plaintiff is entitled to relief).

Having reviewed de novo those portions of the R. & R. to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that the Fourth Amended Complaint is denied without leave to amend and Judgment be entered dismissing this action with prejudice.

DATED: January 20, 2017

R. GARY KLAUSNER
U.S. DISTRICT JUDGE